VAUGHAN'S SEED STORE, Defendant in Error, *vs.* ANCHISE SIMONINI, Plaintiff in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 8, 1916.*

1. WORKMEN'S COMPENSATION—*effect of election to come under the statute by employer in non-hazardous business.* By section 1 of the Workmen's Compensation act any employer in a business not declared by section 3 to be extra-hazardous has entire freedom of choice whether he will come under the statute or not, and if he does so elect his rights and liabilities respecting injuries to his employees are governed entirely by the statute, but if he does not elect to come under the act he is presumed to continue under the common law system, and his rights, liabilities and defenses are governed by the rules of the common law.

2. SAME—*effect of election or non-election to come under the statute by an employer in extra-hazardous business.* Employers engaged in occupations declared by section 3 of the Workmen's Compensation act to be extra-hazardous have not the freedom of choice given to others to come under the act but are presumed to elect the new system, and if they do elect the old they retain it not in its entirety but at the cost of surrendering that part of it which permits the defenses of assumed risk, injury by the negligence of fellow-servants and contributory negligence.

3. SAME—*teamster working on nursery farm is not employed in extra-hazardous occupation.* A teamster injured by the kick of a horse while attending the horses in a stable on a nursery farm of his employer cannot be said to be engaged in an occupation declared by the statute to be extra-hazardous and is not within the terms of the Workmen's Compensation act, where the employer has not elected to come under such act.

4. SAME—*section 1 of the Workmen's Compensation act refers to the person and not to the business of employer.* Section 1 of the Workmen's Compensation act extends to every employer in the State and refers to the person and not to the business of the employer, and the election by the employer subjects him to the act, together with all his employees.

5. SAME—*section 3 of Workmen's Compensation act refers to the business and not to the person.* Section 3 of the Workmen's Compensation act refers primarily to the business and not to the person of the employer, and the provisions of this section cannot be extended to apply to causes of action not having any connection with the extra-hazardous occupations mentioned.

6. SAME—*interpretation of paragraph (b) of section 3 of the Workmen's Compensation act.* The reasonable interpretation of paragraph (*b*) of section 3 of the Workmen's Compensation act is that the provisions of paragraph (*a*) shall only apply to an employer engaged in the extra-hazardous occupations mentioned, so far as such extra-hazardous occupations are concerned.

7. SAME—*object of section 3 of Workmen's Compensation act.* The object of section 3 of the Workmen's Compensation act is the better protection of employees exposed to greater danger by reason of their employment in extra-hazardous occupations, and it is not intended that employers engaged in such extra-hazardous occupations shall for that reason be subject to any greater liability to their employees not engaged in such occupation than other employers would be under the same circumstances.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL G. HAMBLEN, for plaintiff in error.

HENRY W. MAGEE, and E. W. ADKINSON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county having set aside an award of the Industrial Board allowing compensation to Anchise Simonini against Vaughan's Seed Store and certified that the cause was one proper to be reviewed by the Supreme Court, the claimant sued out a writ of error to reverse the judgment.

The only question argued is the jurisdiction of the Industrial Board, and the facts, so far as material to this question, were stipulated.

Vaughan's Seed Store is a corporation organized under the laws of the State of Illinois for the purpose of growing, buying and selling seeds, plants, bulbs, nursery stock and agricultural implements, buying, building and operating greenhouses, and carrying on and doing a general seed,

agricultural implement, farming and florist business in all its branches and everywhere, and the acquiring, holding, mortgaging and conveying of estate incidental thereto. It maintains a salesroom at No. 31 West Randolph street, in the city of Chicago, for the purpose of retailing and wholesaling its goods and has an office there, where it keeps its records and books of account. In the building is a freight elevator with corrugated iron doors and caged in with iron network, which is subject to the provisions of an ordinance of the city of Chicago known as the "Building Code," for the regulating and placing of elevators and the safeguarding of individuals. It also owns and operates a private storeroom or warehouse for the purpose of storing farm products, seeds, shrubs and trees at No. 803 West Randolph street, in Chicago. At Western Springs, in the southwest part of Cook county, outside the limits of Chicago, it owns, operates and farms about 120 acres of land as a truck garden, farm and nursery, on which are greenhouses, storehouses, barns and stables. The work on the farm is managed by a superintendent, who lives there and keeps a separate account of the products raised and expenses incurred upon the farm. The products raised are the usual farm products and various seeds, bushes and trees, some of which are delivered to the retail store of the company and some are sold and delivered from the farm to purchasers. A separate account of receipts of such farm products from the farm is kept, as well as separate accounts of receipts from other farms owned by the corporation. The plaintiff in error began working for the defendant in error about January, 1914, on the farm as a farmhand, doing teaming mostly, and received $12 a week for his services. He and one other workman on the farm did most of the teaming, each ordinarily driving two horses in the nursery part of the farm, doing such hauling and other work as they were instructed to do and acting as hostlers for the horses. The applicant was never required to and never did leave the

farm in the course of his duties, and on or about August 16, 1914, while at work in a stable on the farm attending the horses, was kicked by one of them on his right leg and injured.

The defendant in error has not filed with the Industrial Board any notice of its election either to provide and pay compensation under the provisions of the Workmen's Compensation act or to the contrary, and was therefore not subject to the jurisdiction of the Industrial Board unless it was engaged in an occupation, enterprise or business mentioned in paragraph (*b*) of section 3 of that act and declared to be extra-hazardous. It is insisted that it is so engaged within the first, fourth and eighth clauses of that paragraph, which declares the provisions of section 3 are applicable to "an employer engaged in any of the following occupations, enterprises or businesses, namely: 1. The building, maintaining, repairing or demolishing of any structure. * * * 4. The operation of any warehouse or general or terminal storehouses. * * * 8. In any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances, or for the protection and safeguarding of the employees or the public therein." (Hurd's Stat. 1913, p. 1207.)

The plaintiff in error argues that the defendant in error was maintaining a structure,—that is, a greenhouse,—on the farm; that it was operating a warehouse,—that is, the storeroom where it kept its farm products, seeds, shrubs and trees, at No. 803 West Randolph street, in Chicago; and that it was engaged in an enterprise where municipal ordinances were imposed for regulating machinery for the protection and safeguarding of employees and the public,—that is, it had a freight elevator in its store at No. 31 West Randolph street, in Chicago, which was subject to the ordinances of the city of Chicago for the regulating and placing of elevators.

The Workmen's Compensation act is elective on the part of the employer. By the first section any employer is authorized to elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of the act, and thereby relieve himself from any liability for the recovery of damages except as provided by the act. His election is entirely voluntary. He has entire freedom of choice whether his relation to his employees and their mutual rights and liabilities shall continue under the common law system or shall be such as are established by the act. If he does not elect the new system his rights under the old are not affected, and he is subject to the same liabilities and entitled to make the same defenses as before the passage of the act. This applies to all employers except those engaged in an occupation, enterprise or business declared by section 3 of the act to be extra-hazardous. Such employers have not the free election given to others but are presumed to elect the new system, and if they do elect the old, retain it not in its entirety but at the cost of surrendering that part of it which permitted the defenses of assumed risk, injury by the negligence of fellow-servants and contributory negligence. The injury sustained by the plaintiff in error was not one arising out of or in the course of any employment declared to be extra-hazardous. His employment was not different from that of the ordinary farm laborer. His injury arose out of and in the course of that employment, but had no connection with the business of maintaining a greenhouse or operating a warehouse, or with any enterprise where a municipal ordinance regulated machinery. To sustain the jurisdiction of the Industrial Board it is therefore necessary to hold not only that the defendant in error was engaged in a hazardous occupation, but that the presumption of an election to provide and pay compensation according to the provisions of the Workmen's Compensation act, arising out of such hazardous occupa-

275 — 31

tion, applied not only to such hazardous occupation but also to all the business of such employer. Assuming, but not deciding or intimating, that maintaining and using the greenhouse, storehouse and elevator was engaging in an extra-hazardous business, we shall consider the latter proposition only: whether the provisions of the Workmen's Compensation act applied to all the business of the employer, without reference to its connection with the particular extra-hazardous business.

The authority to elect given by the first section of the act extends to every employer in the State. This section refers to the person and not to the business, and the election by the employer subjects him to the act together with all his employees. The third section refers primarily to the business and not to the person of the employer. Its provisions expressly apply only to employers engaged in the specified extra-hazardous occupations, and provide that in any action to recover damages against such an employer it shall not be a defense that the employee assumed the risk or that the injury was caused by the negligence of a fellow-servant or by the contributory negligence of the employee. These provisions cannot be extended to apply to causes of action not having any connection with the extra-hazardous occupations mentioned. If a man who was engaged in the business of a building contractor in Chicago and who had elected not to provide and pay compensation according to the provisions of the act should also be conducting a dry-goods store in Rockford, and should be sued by a clerk in the store for an injury caused by the negligent arrangement of the stock of goods, the contributory negligence of the clerk, his assumption of the risk or the negligence of a fellow-servant causing the injury would constitute a defense, for this would not be an action against an employer engaged in a hazardous occupation. To give the act any other interpretation would be to render it unconstitutional.

The dry-goods merchant who, having no other business, had not elected to provide and pay compensation according to the provisions of the act would not be deprived of these common law ·defenses, and it would not be a reasonable classification to allow such defenses to one merchant and deny them to another, under precisely the same circumstances, because the latter was also engaged in an extra-hazardous occupation elsewhere. The reasonable interpretation of paragraph (*b*) of section 3 is, that the provisions of paragraph (*a*) shall only apply to an employer engaged in the extra-hazardous occupations mentioned, so far as such extra-hazardous occupations are concerned. The object of section 3 was the better protection of employees exposed to greater danger by reason of their employment in these extra-hazardous occupations, and it was not intended that employers engaged in such extra-hazardous occupations should for that reason be subject to any greater liability to their employees not engaged in such occupations than other employers under the same circumstances. The defendant in error was not an employer of the plaintiff in error in any of the extra-hazardous occupations mentioned in section 3, and plaintiff in error was not exposed to any of the dangers arising from such extra-hazardous occupations. Whether or not the defendant in error, as to any part of its business, was subject to the provisions of the Workmen's Compensation act, it was not subject to such provisions so far as the plaintiff in error was concerned.

The injury to the plaintiff in error was not within the jurisdiction of the Industrial Board, and the judgment of the circuit court setting aside the award was right and is affirmed.                                    *Judgment affirmed.*