(No. 11205.—Judgment reversed.)
F. W. HOCHSPEIER, Inc., Plaintiff in Error, *vs.* THE INDUS-
TRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed April 19, 1917—Rehearing denied June 8, 1917.*

1. WORKMEN'S COMPENSATION—*whether an undertaker is en-
gaged in the business of "carriage by land" is a question of law.*
Where there is no conflict in the testimony, the question whether
an undertaker who lets his cars and drivers to another undertaker
for the carriage of passengers at funerals is engaged in the occu-
pation of "carriage by land," within the meaning of the Work-
men's Compensation act, is a question of law.

2. SAME—*undertaker is not engaged in extra-hazardous occupa-
tion because he uses vehicles to carry passengers to funerals.* The
undertaking business is not an occupation which is included in the
Workmen's Compensation act as extra-hazardous, and the opera-
tion of vehicles to carry persons to funerals and burials conducted
by an undertaker does not bring the business within the extra-
hazardous occupation of "carriage by land" within the meaning of
the statute.

3. SAME—*undertaker who occasionally lets his cars to another
undertaker is not engaged in the business of "carriage by land."*
An undertaker who occasionally lets his cars and drivers to an-
other undertaker for use at funerals does not thereby become a car-
rier of passengers by land, within the meaning of the Workmen's
Compensation act. (*Parker-Washington Co.* v. *Industrial Board,*
274 Ill. 498, distinguished.)

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

W. J. WELDON, and ROBERT J. FOLONIE, for plaintiff
in error.

T. M. COEN, and SAMUEL FRIEDLANDER, for defend-
ants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, F. W. Hochspeier, Inc., is a corpora-
tion engaged in the undertaking business in the city of Chi-
cago. The purpose for which it was incorporated, as stated
in its charter, is to conduct the business of undertaking, op-

erating undertaking rooms, conduct and manage funerals, hire and operate necessary vehicles and cars for the transportation of passengers, packages and freight in connection therewith. The corporation owned, besides a hearse, ambulance, wagons and teams, three limousine cars to be used in carrying passengers to funerals and burials. A chauffeur or driver was employed for each car. On May 30, 1915, Louis Neumann, the driver of one of the cars, was directed by plaintiff in error to take his car and operate it in carrying passengers to a burial conducted by another undertaker. He did so, and while returning from the cemetery his car collided with a street car, injuring him so that he died the following day. His widow and administrator filed a claim with the Industrial Board against plaintiff in error for compensation under the Workmen's Compensation act. A hearing was had before a committee of arbitration and an award made of $9 per week for 388 weeks and $8 a week for one week, making a total of $3500. The plaintiff in error filed a petition with the Industrial Board for a review of the award made by the committee of arbitration. On a hearing the Industrial Board confirmed the award, and plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county to review the decision of the Industrial Board. The circuit court confirmed the decision and made a certificate that the case is one proper to be reviewed by the Supreme Court, whereupon this writ of error was sued out.

The decision of the Industrial Board was based upon its finding that plaintiff in error was engaged in the occupation, business or enterprise of carriage by land, which is one of the occupations termed extra-hazardous by clause 3 of paragraph (*b*) of section 3 of the Workmen's Compensation act. Defendants in error contend that whether plaintiff in error was a carrier by land is a question of fact and not subject to review by this court. There was no conflict in the testimony, and whether, under the undisputed

evidence, plaintiff in error was engaged in the occupation or business of "carriage by land" is a question of law. It is not claimed that one engaged in the business of undertaking is subject to the provisions of the act in the absence of an election to come under it. The contention is, that by hiring its cars and drivers to others plaintiff in error became a carrier of passengers by land and liable to provide compensation to injured employees under the provisions of the act. The purpose for which plaintiff in error kept cars and employed drivers was to enable it to carry on its business of undertaking and conducting funerals. The use of cars and vehicles to carry passengers was an incident to that business, and the chauffeur, while engaged in driving cars to funerals and burials conducted by plaintiff in error, was not engaged in any of the hazardous occupations enumerated in the statute. Carrying passengers on such occasions did not constitute plaintiff in error a carrier by land within the meaning of the statute. It may be conceded that the statute is not limited to common carriers but embraces private carriers engaged in the occupation of carrying persons or property, and that is the effect of the decision in the case of *Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498. That case is much relied on by defendants in error but is clearly distinguishable from the case here under consideration. In that case compensation was claimed under the Workmen's Compensation act for the death of an employee who was engaged in driving a team in hauling for others for hire. He was in the employ of the Bessemer Teaming Company, whose business was hauling, with wagons and teams, goods or material for hire. The Parker-Washington Company, engaged in general contracting and construction, employed the Bessemer Teaming Company to haul from a tunnel which it (the Parker-Washington Company) was constructing, a large quantity of crushed stone and deliver it upon certain streets for use for paving purposes. The driver of one of the teams fur-

nished by the teaming company to do the hauling fell from his wagon, receiving fatal injuries. The teaming company was insolvent and claim was made for compensation against the Parker-Washington Company, which was awarded and the award was confirmed by this court. While it is not expressly so stated in the opinion, the liability of the Parker-Washington Company on the ground that it was engaged in the occupation of carriage by land arose from the fact that the teaming company, the employer of deceased, was engaged in the occupation of carriage by land. That company was employed by the Parker-Washington Company to transport for it a quantity of crushed stone to the place where it was to be used. The teaming company was clearly engaged in the business or enterprise of carriage by land, and liable, under clause 3 of paragraph (*b*) of section 3 of the Workmen's Compensation act, to provide compensation for injury to its employees. The Parker-Washington Company did not require the teaming company to insure its liability to pay compensation under the act, and under section 31 the Parker-Washington Company was jointly liable with the teaming company. The latter company being insolvent, the compensation was awarded against the Parker-Washington Company.

In *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477, it was held one might be engaged at the same time in two disconnected occupations, one of which is in the list of extra-hazardous employments and the other not, and not be subject to the provisions of the act with reference to the latter occupation; that an injured employee engaged in the latter occupation is not entitled to compensation under the act although the employer at another place was engaged in another enterprise or business which required him to provide compensation for injuries to employees engaged in that business. The business of operating undertaking rooms and conducting funerals, for which purpose plaintiff in error was incorporated, is not an employment which is men-

tioned in the statute as extra-hazardous, and the operation of cars kept for and driven to carry persons to funerals and burials conducted by plaintiff in error is an incident to the business and would not make it a carrier, so as to bring the occupation or business under the provisions of the statute. If plaintiff in error was bound to provide compensation, under the Workmen's Compensation act, for the death of Neumann, it was because it was engaged in another occupation, enterprise or business,—that of carriage by land. Hochspeier testified that in addition to other vehicles used in its business plaintiff in error kept an ambulance which was used for carrying patients to hospitals on private calls from doctors, and three limousine cars. A driver was employed for each car. When these cars were not needed for use by plaintiff in error it was customary, when called for, to hire them, with the drivers, to other undertakers who had need of more cars than they owned, to be used in funerals and burials conducted by the undertakers hiring them. In such cases the driver acted under the directions of the undertaker hiring the car, kept a record of the trip, which he turned in to the plaintiff in error, who collected from the one hiring the car the amount charged for its use. The cars were sometimes, but rarely, used for weddings.

Assuming the statute intended to embrace both common and private carriers, plaintiff in error was not a common carrier of passengers, and in our opinion it was not engaged in one of the occupations or enterprises enumerated in the statute as extra-hazardous. Plaintiff in error's limousine cars were not permitted to be used to carry passengers generally. Aside from rare occasions when they were used for weddings, they were only permitted to be used to carry passengers when requested by other undertakers and when not needed by plaintiff in error. If the use of the cars for burials conducted by plaintiff in error did not make it a carrier of passengers by land, hiring the car to another undertaker for use at a burial did not make

it such carrier. The reason carriers are made subject to the act is because the occupation is declared to be extra-hazardous. The use of conveyances to carry persons to funerals and burials is an incident to the undertaking business, and this was known to the legislature, but the undertaking business is not one of the occupations brought under the provisions of the act as an extra-hazardous employment. We must assume that the legislature did not consider that business, with all its incidents, which included carrying persons in vehicles to funerals and burials, an extra-hazardous occupation. The dangers or hazards of using the cars to carry persons to a burial were the same whether that service was performed in a burial conducted by plaintiff in error or some other undertaker to whom the car had been hired. Cars were not kept by plaintiff in error for the purpose of hiring them to carry passengers to funerals, but were only occasionally hired to other undertakers for that purpose. How often they were let to other undertakers does not appear, but the proof is that it was a custom among undertakers that when one had need of extra cars for a burial he would hire from other undertakers the number needed. We do not think such use of plaintiff in error's cars brings it within the provisions of the statute as a carrier by land and subjects it to the liability under the Workmen's Compensation act when it would not have been liable under said act if Neumann had been driving the car to a burial conducted by plaintiff in error.

In our opinion the Industrial Board had no jurisdiction to make an award under the Workmen's Compensation act, for the reason that plaintiff in error was not engaged in an occupation, business or enterprise which brought it within the provisions of that act and since it had not by affirmative action elected to come under the act.

The award of the board is set aside and the judgment of the circuit court affirming it is reversed.

*Judgment reversed.*