(No. 11829.—Judgment affirmed.)

LOGAN B. FRUIT, Defendant in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.*—(JOHN W. GREEN, Plaintiff in Error.)

*Opinion filed June 20, 1918.*

1. WORKMEN'S COMPENSATION—*when motion to quash writ of certiorari is properly overruled.* A motion in the circuit court to quash an alias writ of *certiorari* to review a decision of the Industrial Board on the ground that the proceeding for *certiorari* was not commenced within twenty days from the receipt of the notice of said decision must be supported by a showing that the facts recited in the motion are true, and, in the absence of any showing as to when the notice was received, a statement in the alias writ that the original *præcipe* was filed within the statutory period will be presumed to be correct and the motion should be overruled.

2. SAME—*a retail coal dealer is not engaged in extra-hazardous occupation.* Where an employer is engaged in conducting a retail coal business and hires teamsters to make deliveries to his customers the hauling of the coal is a mere incident to the business and does not constitute the employer a carrier by land within the meaning of the Workmen's Compensation act, and the business of a retail coal dealer does not come within any of the various occupations classified in said act as extra-hazardous.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. W. K. WHITFIELD, Judge, presiding.

CHESTER A. SMITH, for plaintiff in error.

JACK & BOGGESS, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Logan B. Fruit, defendant in error, was engaged in the retail coal business in the city of Decatur. He purchased coal by the car-load and sold it by the ton, charging to his customers $2.50 per ton at his place of business where the customers did their own hauling to their bins and $3 per ton where he delivered it to the customers' bins, the extra fifty cents per ton being for the hauling and delivery of the coal. In connection with his coal business he owned and used several teams, cared for and fed by the teamsters who delivered the coal for him. When defendant in error was out of coal at his coal yard, in order to keep his teams busy he would send them to the local mines and have his deliveries of coal made from the mines to his customers. In addition to his coal business he contracted with a Decatur wholesale grocery firm, under which he made deliveries of groceries to their customers. Defendant in error also had his teamsters do other hauling for himself in connection with his business, other than the hauling of coal. Plaintiff in error was employed in August, 1914, by the defendant in error as one of his teamsters to haul and deliver coal to his customers, and continued to work for him up to January 1, 1915, at $2 per day or $12 per week. On said latter date plaintiff in error and E. M. Crowell, a fellow-workman, undertook to move some hay for defendant in error, at his request, from the hay barn he had been using in his business to another barn to which he was moving his teams. While loading the hay on the wagon two bales fell therefrom, knocking Green from the wagon to the frozen ground. He was picked up unconscious, taken to a shop near by, given some temporary treatment, and was later carried to his home and given medical attention. A contused wound was found on his head and his back was injured. He was confined to his home until March 2 and was under the doctor's care until July 2, 1915. He was

unconscious for five or six days, and the record evidence shows that he was seriously injured by the fall. Defendant in error paid him $6 a week for some time after the injury and until he had paid him a total of $123. On his refusal to continue the payments plaintiff in error served a demand upon him in writing, as provided by the Workmen's Compensation act. The arbitration committee found that he was totally incapacitated from work for a period of 46 weeks and that he was entitled to the sum of $6 a week from the eighth day after the injury to the time of the hearing, or a total of $276, of which there was a balance due of $153, and that he was entitled to the further compensation of $3 a week for a period of 370 weeks, and to a physician's bill of $22. Upon appeal to the Industrial Board his compensation was fixed at $6 a week for 20 weeks and $3 a week for 396 weeks, the decision of the Industrial Board being entered July 26, 1916. Defendant in error sued out a writ of *certiorari* from the circuit court of Macon county to review the decision of the Industrial Board. That court overruled the decision of the board and quashed the proceedings and certified that the case is one proper to be reviewed by this court, and the plaintiff in error has sued out this writ.

Plaintiff in error filed a motion in the circuit court to quash the alias writ of *certiorari* and among the grounds therefor insisted that the proceeding for *certiorari* was not commenced within twenty days after the receipt of the decision of the Industrial Board by defendant in error, as provided by statute, and that the same is barred by the Statute of Limitations. That contention is renewed in this court as one of the grounds for reversal of the judgment of the circuit court. The procedure is under the act of 1915. That statute provides that such suit by writ of *certiorari* or in chancery shall be commenced within twenty days of the receipt of notice of the decision of the board, and the suit is barred unless it is commenced within such time. The

record, however, shows that a petition for an alias writ was filed with the circuit clerk of Macon county December 28, 1916, and that writ contains, among other recitals, the following: "Whereas, application was made to the undersigned clerk of the circuit court of Macon county, Illinois, by *præcipe* bearing date August 8, 1916, for the issuance of the writ of *certiorari* directed to the Industrial Board of the State of Illinois in the above entitled case, which writ was not returned duly served, as provided by law," etc. The date on which the Industrial Board rendered its decision is shown to be July 26, 1916. No showing is made in the record of the date when the notice of that decision was served upon defendant in error. To sustain his motion it was incumbent on plaintiff in error to make a showing that the facts recited in his motion were true. In the absence of any such showing in the record it will be presumed from the above statement in the alias writ that it correctly states the facts and that the original *præcipe* for the writ was filed within the statutory period but was not served according to law, which necessitated the issuance of the alias writ. The motion of the plaintiff in error was therefore properly overruled.

The further contention of the plaintiff in error that the court erred in quashing the proceedings of the Industrial Board on the ground that the Workmen's Compensation act did not apply to this case because defendant in error was not engaged in any extra-hazardous occupation within the meaning of section 3 of that act, and that neither party thereto had filed an election to be bound by the act, cannot be sustained. It is argued very earnestly by plaintiff in error that the enterprise in which defendant in error was engaged comes under the statutory designation of "carriage by land," which is named in the act as one of the extra-hazardous occupations. The stipulations in the record are to the effect that there was no election to be bound by the Workmen's Compensation act and that the injury occurred

in the course of the employment. The business or enterprise in which defendant in error was engaged and in which plaintiff in error was employed when he was injured was that of conducting a retail coal business. The hauling and the delivery of the coal were mere incidents of that business. Defendant in error was not hauling and delivering coal for anyone but himself, and was therefore not engaged in the business or enterprise of carriage by land as such dealer in coal. In such business he was neither a common carrier of persons or property nor a private carrier for hire. He was simply conducting his own business of a retail coal dealer, and the delivery of the coal or hauling of the same was not the business of the defendant in error but a mere incident of it, as was also the hauling of the hay or feed or any other product that was necessary or convenient in the prosecution of his business. *Hochspeier* v. *Industrial Board,* 278 Ill. 523.

It is not material to inquire or to decide whether or not defendant in error's business or occupation of hauling and delivering goods for a wholesale house was a business or enterprise properly classed as carriage by land, as plaintiff in error was not, at the time he was injured, employed in or working in that line of employment or doing anything in the way of hauling or otherwise that was connected with that business. (*Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477.) Defendant in error's business or occupation as a retail coal dealer does not come within any one of the various businesses, enterprises or occupations classified in the Workmen's Compensation act as extra-hazardous. The judgment of the circuit court is right, as the Industrial Board had no jurisdiction in this case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*