(No. 12585.—Reversed and remanded.)

WILLIAM SEGGEBRUCH, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY J. LUECKE, Defendant in Error.)

*Opinion filed April 15, 1919—Rehearing·denied June 6, 1919.*

1. WORKMEN'S COMPENSATION—*when occupation at time of injury determines whether parties are under the Compensation act.* Where an employer who has not elected to come under the Workmen's Compensation act follows a varied line of business, the nature of the employment and the occupation of the employee at the time of his injury determine whether or not the parties are under the act by virtue of the provisions of section 3.

2. SAME—*purpose of Compensation act in specifying hazardous occupations.* The purpose of the Workmen's Compensation act in specifying certain occupations as extra-hazardous is to secure to employees engaged in such occupations a greater degree of protection than was afforded by the law previous to the enactment of the act, and in the absence of election by·the employer it was not the purpose to extend the provisions of the act to occupations not having any connection with the extra-hazardous occupations mentioned in section 3.

3. SAME—*when employee is not engaged in hazardous occupation.* An employee who is injured while unloading and spreading manure over certain farm land of his employer is not engaged in an extra-hazardous occupation under section 3 of the Workmen's Compensation act, although at certain times in the year he was engaged in running his employer's grain elevator.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

BOWLES & BOWLES, and O'DONNELL, DONOVAN & BRAY, for plaintiff in error.

BARR, McNAUGHTON & BARR, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Will county affirmed an award of the Industrial Commission in favor of defendant in error, Henry J. Luecke, for injuries received by him while in the employment of the plaintiff in error.

Defendant in error was injured on the 8th day of February, 1915, while engaged in hauling manure and refuse from the barn of the plaintiff in error to certain farm land owned and operated by plaintiff in error. It appears from the evidence before the arbitrator that at the time and prior to the day of the accident in question the plaintiff in error was engaged in farming, in conducting a retail flour and feed store, a saloon, a grain elevator, and in retailing sand, gravel, tile and brick, in the village of Crete, Will county, Illinois. The elevator was the usual grain elevator located near the railroad tracks, to which farmers hauled their grain over a dump, from which the grain was elevated to bins by machinery driven by an electric motor. The grain in the elevator was shipped out in cars, and part of the grain was hauled by teams from this elevator to Chicago Heights, a distance of about five miles, and part of the grain was hauled to a feed store operated by plaintiff in error at the village of Crete. Plaintiff in error owned and operated a farm of 117 acres about one mile from the village, and also owned a subdivision to the village of about 20 acres. The brick, tile, stone, gravel and sand were handled direct from the cars on which they were shipped into Crete or were sometimes unloaded onto the ground

along the grain elevator switch track and hauled out by the farmers. Sometimes the gravel was hauled direct from the cars or the storage on the ground aforesaid direct to the public roads by the teams of the plaintiff in error. The accounting part of all business except the saloon was carried on in the office located at the feed and flour store. The plaintiff in error had four or five horses at the time of the accident. These horses were kept in the barn on the premises where the feed store and the residence of the plaintiff in error were located and were used in connection with all of his aforesaid businesses. The manure from the barn was in a concrete bin adjoining the barn, and when the bin was full the men employed by plaintiff in error would haul it out to the farm and onto the land in the subdivision. On the day of the accident defendant in error was emptying the bin and hauling the contents thereof onto the subdivision with a team and wagon, and while unloading the manure he was either thrown or fell from the wagon and was badly injured. He was sent to the hospital at Chicago Heights, where he remained for several months and at which place one leg was amputated because of the condition produced by the injury.

Several men were employed by the plaintiff in error, none of whom, including the defendant in error, had any regular duty. Defendant in error did every kind of work for the plaintiff in error except office work. Sometimes he worked at the elevator, at which time he stopped and started the machinery; at other times he worked in connection with the gravel, sand, brick and tile, unloading or hauling the same from the car; at other times he hauled grain from the elevator to Chicago Heights; at other times he hauled flour and feed to the store buildings at Crete; at other times he worked on the farm during the farming season. Defendant in error testified that he took care of the teams; that he did not know the character of the work he did the day before the accident. On cross-examination he stated that

he was hauling manure for fertilizer; that he had hauled the same that year to other places; that he worked the land for plaintiff in error during the proper season; that on the day of the accident he hauled manure because he did not have any other work on hand; that the elevator was used in the fall when grain came in; that he did not know whether or not he worked in the elevator during the month of February in which he was injured.

The Industrial Commission found that defendant in error and plaintiff in error were operating under and were subject to the terms and provisions of the Workmen's Compensation act; that the injury of the defendant in error was an accidental injury arising out of and in the course of his employment; that the applicant sustained temporary total disability for a period of 24 weeks and the loss of one leg; that medical and hospital services were furnished by the plaintiff in error to the extent of $40, and that applicant had expended in addition thereto $160 during a period of eight weeks after the accident. The commission allowed an award of $6 per week for 24 weeks, and a further award of $6 per week for 175 weeks and said amount of $160. Plaintiff in error filed his petition for a writ of *certiorari* in the circuit court of Will county, and that court affirmed the award and quashed the writ.

The only contention of the plaintiff in error is that the court erred in affirming the award, for the reason that the plaintiff in error was not under the provisions of the Workmen's Compensation act either by election or by virtue of the hazardous nature of his business or employment. It is admitted that neither the employer nor employee had elected to come under the provisions of said act. Whether or not the parties hereto were under the Workmen's Compensation act depends upon the nature of the employment and the business engaged in at the time of the injury. It is evident plaintiff in error followed a varied line of business, and the test is whether or not the defendant in error was at the

time he was injured working in a line of employment which comes within the purview of section 3 of the Workmen's Compensation act. *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477.

It is urged by defendant in error that plaintiff in error was engaged in conducting an elevator business and that such elevator business is a hazardous occupation. It was said in *Vaughan's Seed Store case, supra:* "The reasonable interpretation of paragraph (*b*) of section 3 is, that the provisions of paragraph (*a*) shall only apply to an employer engaged in the extra-hazardous occupations mentioned, * * * and it was not intended that employers engaged in such extra-hazardous occupations should for that reason be subject to any greater liability to their employees not engaged in such occupations than other employers under the same circumstances. The defendant in error was not an employer of the plaintiff in error in any of the extra-hazardous occupations mentioned in section 3, and plaintiff in error was not exposed to any of the dangers arising from such extra-hazardous occupations. Whether or not the defendant in error, as to any part of its business, was subject to the provisions of the Workmen's Compensation act, it was not subject to such provisions so far as plaintiff in error was concerned." The defendant in error, as appears from the record, was at the time of his injury engaged in the spreading of fertilizer over certain farm land of the plaintiff in error. This occupation was that of farming,—a business not included within paragraph (*b*) of section 3 of the Workmen's Compensation act. In the case of *Fruit* v. *Industrial Board,* 284 Ill. 154, the employer was engaged in the retail coal business and the employee was injured while employed in that business. It was urged that because of the fact that the employer conducted also the business of delivering goods for a wholesale house he was thereby brought under paragraph (*b*), section 3, of the act as a carrier. This court there held that whether or not

he had at times engaged in the business of delivering goods for others was immaterial, as the employee was, at the time he was injured or employed, not working in that line of employment or in doing anything connected therewith.

By section 1 of the Workmen's Compensation act any employer is authorized to elect to provide and pay compensation for accidental injuries to his employees arising out of and in the course of the employment. He is not, however, required by the act, under that section, to pay such compensation, as such payments are entirely voluntary. If he does not so elect he remains subject to the same liabilities and may make the same defenses as before the passage of the act. Section 3 limits this right of election, as that section presumes that all employers engaged in the different occupations or businesses therein specified have elected to come under the act in case such employers do not act concerning an election, and if they do elect not to come under the act they surrender the right to introduce the defenses of assumed risk, negligence of fellow-servants and contributory negligence. The intention and purpose of the Workmen's Compensation act in specifying certain occupations as extra-hazardous and in depriving the employer of the right of said defenses thereto is to secure to the employees engaged in such extra-hazardous occupations a greater degree of protection than was afforded by the law previous to the enactment of that act. It was not the purpose to extend the provisions of the act to occupations not having any connection with the extra-hazardous occupations mentioned in section 3. To hold otherwise would be to hold that said section 3 applies to all occupations, and that all employers come under the act, regardless of whether or not they had elected to do so. The fact that the defendant in error here did at times operate the machinery of the elevator does not aid his contention, for the reason that he was not engaged in that occupation at the time of his injury nor was he engaged in any occupation incident thereto

and had not been during the month in which he was injured. The fact, if it be a fact, that his employer would at times engage in occupations coming within section 3 is of no avail here, where the injury of the employee did not arise out of or in the course of his employment at such hazardous occupations or any occupation incident thereto. *Fruit* v. *Industrial Board, supra; Vaughan's Seed Store* v. *Simonini, supra; Hochspeier* v. *Industrial Board,* 278 Ill. 523.

As the defendant in error was not engaged in any occupation referred to in section 3 and there was no election on his part or on the part of the employer to come under the Compensation act, it follows that they were not operating under said act and that the Industrial Commission was without jurisdiction to award the compensation in this case, and the circuit court erred in affirming the award and quashing the writ of *certiorari.*

It is urged by the defendant in error, on cross-errors, that the circuit court should have stricken from the record the testimony taken before the Industrial Commission but not heard by the board of arbitrators, for the reason that the transcript of said testimony taken on review was not filed within the time prescribed by the act. As it appears from the testimony taken before the board of arbitrators that the defendant in error was not engaged in an extrahazardous occupation and was not therefore within the purview of the Compensation act, which facts are not in any way changed by the testimony taken before the commission on review, it does not become material here to decide whether or not the transcript of said testimony taken on review was properly preserved or filed in apt time.

The judgment of the circuit court will therefore be reversed and the cause remanded to said court, with directions to set aside the findings of said commission and quash the record. *Reversed and remanded, with directions.*