(No. 12549.—Judgment reversed.)

WILLIAM BRENNAN, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN MOORE, Defendant in Error.)

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

WORKMEN'S COMPENSATION—*when employee engaged in constructing hard road is not employed in hazardous occupation.* An employee who is engaged in assisting in the construction of a hard surface on a State-aid road is not employed in a hazardous occupation within the meaning of the Workmen's Compensation act, where his only duty is to assist in pulling a large float over the soft concrete mixture after it has been placed on the roadway; and the fact that other employees may be engaged in some other part of the work that is extra-hazardous does not bring said employee within the provisions of the act. (*McLaughlin* v. *Industrial Board,* 281 Ill. 100, explained.)

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

ZIMMERMAN, GARRETT & RUNDALL, for plaintiff in error.

R. C. DONOGHUE, and BUTTERS & CLARK, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

William Brennan, plaintiff in error, is a contractor and had a contract to construct a hard surface on a State-aid road in LaSalle county. The construction was a cement

289 — 4

base and brick top.   In doing the work the cement was mixed by a mixer operated by steam.   After the cement was mixed and thrown on the roadway a float eighteen feet long, weighing between four hundred and six hundred pounds, was pulled by employees by hand, by means of ropes attached, over the soft cement mixture for the purpose of smoothing and leveling it down.   John Moore was employed by plaintiff in error to assist in pulling this float over the cement.   It appears it was sometimes necessary to lift up one end of the float.   While engaged in lifting an end of the float Moore's thigh was injured by a tearing or rupture of one of the muscles.   The injury incapacitated him for work thereafter, and for some time he received treatment in a hospital and also from physicians outside of a hospital.   He claims the injury is permanent and that he is incapacitated for manual labor,—the only kind of employment in which he was ever engaged.   He presented a claim for compensation and was awarded $5.50 per week for a period of 361 weeks, which on review by the circuit court was affirmed.   Brennan, the employer, filed a petition in this court for a writ of error, which was allowed, and the case comes here for review.

The important question involved is, was Moore employed in a hazardous occupation?   If he was not, then there is no liability.   Defendant in error argues that plaintiff in error was engaged in the work of surfacing a public road with concrete and brick; that in doing this work he used a concrete mixer operated by steam and the ordinary tools for the kind of work he was doing.   In support of this contention defendant in error cites *McLaughlin* v. *Industrial Board,* 281 Ill. 100, where it was held a common dirt road is not a structure within the meaning of the Workmen's Compensation act, and that the building or repairing of such a road is not an extra-hazardous occupation within the meaning of the statute.   In the opinion in that case the court said that some constructions of public

roads might be extra-hazardous where cement mixtures are formed and placed on the road and where crushed rock is used. This expression is relied on by defendant in error as a decision that constructing or repairing road surfaces with cement mixtures or crushed rock is extra-hazardous and that all persons engaged in any part of the work are subject to and under the Workmen's Compensation act. We think this a clear misapprehension of the court's meaning. All the court meant was to limit the decision to the character of the road involved in that case, which was a dirt road, and to not hold, generally, that road repair and construction could in no case be deemed extra-hazardous. It is possible that some parts of the work of spreading cement in road construction or repair may be extra-hazardous, such as preparing and mixing the material to be spread upon the road, but defendant in error's employment and duties did not require him to engage in or come in contact with this kind of work. His sole employment was to pull the float over the cement after it had been placed on the roadway. This was not extra-hazardous within the meaning of the statute, and because some other employees may have been engaged in some other part of the work that was extra-hazardous would not change the character of the defendant in error's employment or bring him within the provisions of the Workmen's Compensation act. In *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477, it was held section 3 of the Compensation act refers primarily to the business and not to the person of the employer, and its provisions cannot be extended to apply to a cause of action not having any connection with the hazardous occupations mentioned. See, also, *Marshall* v. *City of Pekin,* 276 Ill. 187, and *Sanitary District* v. *Industrial Board,* 282 id. 182.

Defendant in error was not engaged in anything extra-hazardous within the meaning of the statute, and the award is set aside and the judgment of the circuit court reversed.

*Judgment reversed and award set aside.*