(No. 13098.—Judgment affirmed.)

THE MATTOON CLEAR WATER COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BENJAMIN FRANKLIN MILLER, Plaintiff in Error.)

*Opinion filed February 18, 1920.*

1. WORKMEN'S COMPENSATION—*employer is not a carrier when hauling is a mere incident to his business.* Where a corporation is engaged in supplying water to the inhabitants of a city, the hauling of the water to customers in parts of the city not reached by pipe lines is a mere incident to the business and does not constitute the employer a carrier by land within the meaning of the Compensation act.

2. SAME—*when employee is not entitled to compensation.* An employee of a water works corporation whose duties are merely to haul water to customers in a tank wagon and are not connected with any part of the business that has to do with the maintenance of the employer's plant or pipe lines or in which municipal regulations are imposed is not entitled to compensation for an injury received in his usual work, where the employer has not elected to come under the Compensation act.

3. SAME—*effect where part of employer's business is under the act.* Where part of an employer's business is extra-hazardous or subject to statutory or municipal regulation but the employer has not elected to come under the Compensation act, it is necessary, in order to entitle an injured employee to compensation, that the injury shall have arisen out of and in the course of that part of the business which comes within the terms of the act.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding.

BRYAN H. TIVNEN, (ISAAC B. CRAIG, of counsel,) for plaintiff in error.

VAUSE & KIGER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Mattoon Clear Water Company, defendant in error, is a corporation engaged in supplying water to the inhabitants of the city of Mattoon by the usual type of water-

works plant and system of pipe lines. In that part of the city not served by its pipe lines it supplies water to customers by hauling the water in a tank wagon and emptying it into the customer's well or cistern. Plaintiff in error was employed to haul this water at a stipulated sum a load. He furnished the team and harness and defendant in error furnished the ordinary type of cylindrical tank wagon. On Saturday, December 12, 1914, plaintiff in error was delivering a tank of water pursuant to the orders of defendant in error, and in climbing down from his wagon to empty the tank into a cistern he slipped from the top of the tank and fell between the wagon and his horses, his back striking on the wagon tongue or doubletree hammer and his head striking either the singletree or the wagon wheel. He was rendered unconscious for a time. When he regained consciousness he proceeded to unload the tank of water with great difficulty. In the afternoon of the same day he hauled another tank of water and hauled some wood the following morning. During all this time he suffered great pain and finally was compelled to leave his work. In the evening of the day following the accident he climbed on the wagon to remove the hose used for emptying the water from the tank in order to take it into the house to keep it from freezing. In doing this he fell and further injured himself. An examination of his injuries showed a fractured vertebra and other injuries to his spinal column. Since December 13, 1914, plaintiff in error has been wholly unable to do any work of any kind. The Industrial Board awarded compensation for a permanent injury. The circuit court of Coles county reviewed the decision on *certiorari* and quashed the record of the Industrial Board. The contentions made before the circuit court and here are that defendant in error does not come within the terms of the Compensation act; that plaintiff in error at the time of his injury was not engaged in an extra-hazardous employment; that the employment was casual, and that plaintiff in error was an inde-

pendent contractor. On the certificate of the trial judge that this cause is one proper to be reviewed by this court the cause is brought here by a writ of error.

Plaintiff in error contends that defendant in error comes within the terms of the Compensation act because it was maintaining a structure within the meaning of the act, and because it was engaged in carriage by land, and because it was engaged in a business in which statutory and municipal ordinance regulations were imposed.

We held in *Hochspeier* v. *Industrial Board*, 278 Ill. 523, and in *Fruit* v. *Industrial Board*, 284 id. 154, that the hauling of commodities as a mere incident to the business of the employer does not constitute the employer a carrier by land within the meaning of the Workmen's Compensation act. We think our holding in those cases is decisive of the question here presented. The business or enterprise in which defendant in error was engaged and in which plaintiff in error was employed when he was injured was that of supplying water to the inhabitants of the city of Mattoon. The hauling and the delivery of this water were mere incidents of that business.

The fact that the defendant in error was maintaining a structure and that it had machinery at its plant is not controlling here. Plaintiff in error was not at the time of his injury engaged in any part of the business of defendant in error that had to do with the maintenance or operation of the plant or pipe lines. Defendant in error had not elected to come under the act, and the injury sustained by plaintiff in error is not one arising out of or in the course of any employment declared by the act to be extra-hazardous. Because some other employees of defendant in error may have been engaged in some other part of the work that was extra-hazardous would not change the character of the employment of plaintiff in error or bring him within the provisions of the act. This question was discussed at length and this conclusion reached in *Vaughan's Seed Store* v. *Si-*

*monini,* 275 Ill. 477, *Seggebruch* v. *Industrial Com.* 288 id. 163, and *Brennan* v. *Industrial Com.* 289 id. 49.

The record does not show that defendant in error is engaged in a business in which statutory or municipal regulations are imposed. Even if it was engaged in such a business in the conduct and management of its water-works plant, the injury did not arise out of or in the course of the employment of plaintiff in error in that business. In order to bring the employer under the act without election it is necessary to show that the injury arose out of and in the course of an employment in which such regulations are imposed. *Compton* v. *Industrial Com.* 288 Ill. 41.

The injury to plaintiff in error was not within the jurisdiction of the Industrial Board, and the judgment of the circuit court is affirmed.            *Judgment affirmed.*