(No. 13152.—Judgment reversed.)

THE ORIENTAL LAUNDRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JEANETTE E. CURTIS, Defendant in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*Compensation act permits adjudication of claims with as little delay as possible.* The spirit of the Compensation act is to permit the hearing and adjudication of claims with as little delay and formality as is consistent with orderly procedure.

2. SAME—*filing of præcipe is beginning of suit in circuit court.* The filing of the *præcipe* for a writ of *certiorari* is the beginning of procedure in the circuit court and gives the court jurisdiction to review the proceedings of the Industrial Commission.

3. SAME—*intention of legislature in Compensation act should be ascertained from consideration of the entire act.* In construing

the Compensation act the intention of the legislature is to be gathered from the entire act and from the necessity or reason for its enactment, and the meaning of the words will be enlarged or restricted according to such intention.

4. SAME—*when circuit court may direct alias writs of certiorari and scire facias.* Where a *præcipe* has been filed and a bond given within the time required by the Compensation act the circuit court may enter an order directing alias writs of *certiorari* and *scire facias* upon proof of loss of the previous papers. (*Pack, Woods & Co.* v. *Savings Bank,* 172 Ill. 192, and *Keeley Brewing Co.* v. *Carr,* 198 id. 492, construing the Attachment act, distinguished.)

5. SAME—*when an employee not engaged in hazardous occupation is not entitled to compensation.* Under the Compensation act prior to 1917, if the employer a part of whose business was extra-hazardous had not elected to pay compensation to all his employees, the Industrial Board was without jurisdiction to award compensation to an employee whose duties were entirely separate from the hazardous nature of employer's business.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

RALPH F. POTTER, and EARL D. HOSTETTER, for plaintiff in error.

GUSTAV E. BEERLY, and ELLIS S. CHESBROUGH, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error, Jeanette E. Curtis, made application for compensation for an injury sustained by a fall on an icy sidewalk in Chicago while soliciting laundry business for plaintiff in error. On a hearing under the Workmen's Compensation act the arbitrator found for the plaintiff in error. On review before the Industrial Commission some additional testimony was heard, and the commission found that the applicant's injury arose out of and in the course of the employment and that she was entitled to compensation, specifying the amount due her, which award the cir-

cuit court confirmed on review, and the case is now here by writ of error.

Plaintiff in error's laundry was operated by and used power-driven machinery. It does not appear that the company had filed with the Industrial Commission any notice of its application to come within the act.

Jeanette E. Curtis at the time of her injury, and prior thereto, was employed by plaintiff in error in soliciting laundry orders from families at a salary of $12 a week. She mailed in the orders as she received them and called in person at the laundry office each Tuesday night for her salary. On the day of her injury, December 27, 1916, she was walking along Huron street, between Central and Pine avenues, to solicit orders in an apartment building, when she fell to the icy pavement and broke her hip bone, from which injury she was confined to her bed six weeks and for two weeks longer was obliged to be lifted from the bed to a chair.

Counsel for defendant in error have raised a question of procedure, which should be first determined. The decision on review by the Industrial Commission was dated June 20, 1918. The attorney here of record filed an affidavit in the circuit court May 13, 1919, stating that the files in said cause were turned over to him by the former attorney for plaintiff in error and affiant had made diligent search in said files for the writ of *certiorari* and the writ of *scire facias* issued by the clerk at the time the *præcipe* was filed on July 9, 1918, but the same could not be located; that they had not been delivered to the sheriff and had been lost. The same day an order was entered in the circuit court directing the clerk to issue an alias writ of *certiorari* and *scire facias* and to place the cause at the foot of the workmen's compensation calendar. The alias writ of *scire facias* to summon the defendant in error was issued May 20, 1919. On June 13, 1919, a special appearance was entered by defendant in error for the sole purpose of contesting the jurisdiction of the circuit court as to her, and

moving, by the same motion, to quash the alias writ of *scire facias* and the alleged service.

It is argued by counsel for defendant in error that as this is purely a statutory proceeding no process can issue except as provided for in the act; that there is no provision for an alias writ of *scire facias* or alias writ of *certiorari* in the act; that it was the intention of the Workmen's Compensation act that all process should be served before the return day, and that as these alias writs were void the plaintiff in error is without remedy in the procedure pursued.

Paragraph (*f*) of section 19 of the Workmen's Compensation act provides, in part, as follows: "The circuit court of the county where any of the parties defendant may be found shall by writ of *certiorari* to the Industrial Board have power to review all questions of law presented by such record. Such writ shall be issued by the clerk of such court upon *præcipe*. Service upon any member of the Industrial Board or the secretary thereof shall be service on the board, and service upon other parties in interest shall be by *scire facias*, or service may be made upon said board and other parties in interest by mailing notice of the commencement of the proceedings and the return day of the writ to the office of said board and the last known place of residence of the other parties in interest at least ten days before the return day of said writ, or any party in interest may commence a suit in chancery.  *  *  *  Such suit by writ of *certiorari* or in chancery shall be commenced within twenty days of the receipt of notice of the decision of the board." (Hurd's Stat. 1917, p. 1461.) That section also provides for the giving of a bond by the party bringing the suit. A *præcipe* and bond were filed in the time required by the statute.

It will be noted from the quoted provision of the statute that the writ is to be issued upon the filing of a *præcipe* and that the suit must be commenced within twenty days of the receipt of the notice of the board's decision. It is true that

there is no provision for the issuance of alias writs. All proceedings under the Workmen's Compensation act are statutory. (*People* v. *McGoorty*, 270 Ill. 610.) The question as to the construction of the statute on this point has not been directly decided by this court. In *Fruit* v. *Industrial Board*, 284 Ill. 154, the question was indirectly under consideration, and the fair inference from the decision is that an alias writ would be authorized under the statute, for it was there held that where the original *præcipe* was filed within the statutory period, if service was not had according to statute this "necessitated the issuance of the alias writ."

It is argued by counsel for defendant in error that as an alias writ is not mentioned in the Workmen's Compensation act, under the reasoning of this court in construing the Attachment act an alias writ here could not be held authorized. (See *Pack, Woods & Co.* v. *Savings Bank*, 172 Ill. 192, and *Keeley Brewing Co.* v. *Carr*, 198 id. 492.) In *Schroeder* v. *Merchants and Mechanics Ins. Co.* 104 Ill. 71, this court said (p. 74) : "What is the commencement of a suit? It is not claimed that it is the service of process on the defendant. It is believed that no case can be found that holds the suit is not commenced until service or appearance of the defendant. We may therefore conclude that jurisdiction of the person of the defendant is not essential to the commencement of a suit. But it is apparent that a suit is not commenced until the court has in some manner acquired jurisdiction of something in relation to the controversy. It must, therefore, be over the person of the plaintiff or the subject matter, or both. The court acquires jurisdiction of the plaintiff when he applies for its power and assistance to compel the defendant to render him his rights under the law; but this aid must be sought according to prescribed forms, and under our practice that form requires that he file with the clerk of the court a *præcipe* for the process he desires. * * * The court clearly has juris-

diction of the plaintiff when he thus invokes its aid. When he thus submits his person to the court, he, by asking its aid, gives the court jurisdiction over the subject matter in controversy."

Attachment proceedings such as are referred to in the above cases cited by counsel for defendant in error are instituted upon the filing of an affidavit and bond instead of a *præcipe*, and it is the facts set forth in the affidavit at the time of the filing that are grounds for the issuance of the attachment. A writ of attachment performs a double office. It is a summons and an execution upon which the property of the defendant is seized before judgment. (*Keeley Brewing Co.* v. *Carr, supra.*) The distinction in the grounds for jurisdiction, as illustrated in these decisions and that of the *Schroeder case, supra,* is apparent as to the subject matter and the plaintiff. That there must be jurisdiction is necessary, but the tendency in the workmen's compensation cases in following out the spirit of the act has been to permit the hearing and adjudication of claims with as little delay and formality as is consistent with orderly procedure. The filing of the *præcipe* should be held to be the beginning of this suit, thus giving the circuit court jurisdiction to review the proceedings of the Industrial Commission. (*Smith-Lohr Coal Co.* v. *Industrial Board,* 279 Ill. 88.) The intention of the legislature in construing this statute is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to such intention as ascertained from a consideration of the whole act. (*Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136.) To hold that the circuit court had no authority to enter an order directing alias writs of *certiorari* and *scire facias* when there was a *præcipe* on file, and in view of the proof of loss of the previous papers, would, in our judgment, be contrary to the intention of the legislature and the purposes and.

wording of the act. The conclusion follows that the circuit court did not err in holding that it had jurisdiction under the alias writ.

Counsel for plaintiff in error do not deny that in the business of the Oriental Laundry Company power-driven machinery was used, but contend that as it had not filed with the Industrial Commission any notice of its election to provide and pay compensation under the act, and as the applicant's injury had no connection with the operation of the machinery, her occupation could not be regarded as extra-hazardous under section 3 of the act. The injury occurred in 1916 and the application for compensation was filed in January, 1917, before the Workmen's Compensation act was amended to make employers engaged in extra-hazardous occupations come automatically under the act without the filing of a notice to that effect. Under such circumstances the reasoning in *Marshall* v. *City of Pekin,* 276 Ill. 187, is applicable here, where it is said (p. 190) : "An employer who is engaged in an extra-hazardous occupation and who has made no election to come under the Workmen's Compensation act cannot be compelled to pay compensation under said act to any employee injured in an occupation not deemed extra-hazardous under said act simply because such employer is also engaged in an extra-hazardous employment and in which said employee is not engaged." This court also said in *Brennan* v. *Industrial Com.* 289 Ill. 49, on page 51 : "Because some other employees may have been engaged in some other part of the work that was extra-hazardous would not change the character of the defendant in error's employment or bring him within the provisions of the Workmen's Compensation act." (See, also, to the same effect, *Compton* v. *Industrial Com.* 288 Ill. 41, and *Mattoon Water Co.* v. *Industrial Com.* 291 id. 487.) Under the reasoning in those cases and the authorities there cited, the employer not having elected to pay compensation to all his employees,

263 – 35

and as the law existing at the time of the accident and application here in question did not bring the employer automatically within the Compensation act as to such employees, the Industrial Board is without jurisdiction to award compensation to an employee, such as the applicant, whose duties were entirely separate and apart from any work about the laundry or the power-driven machinery operated therein. The evidence shows clearly that the only time the applicant ever came to the laundry was when she went each Tuesday to the office to receive her pay for the orders she had secured. There is nothing in the record to indicate that on such visits she had anything to do with the power-driven machinery or was expected to. go near it.

We are not intending to intimate by anything said here that under the present law, which brings employers engaged in extra-hazardous occupations automatically under the act, employees engaged in an occupation entirely independent and separate from the extra-hazardous employment would come within the act. That question is not involved here and we do not in any way consider or pass upon it, that being unnecessary, as at the time of this accident the act had not been amended so as to bring employers engaged in extra-hazardous occupations automatically under it.

This conclusion renders it unnecessary for us to discuss or decide whether the injury did or did not arise out of and in the course of the employment, as argued by counsel in their briefs.

As the Industrial Commission was without jurisdiction to award compensation to the applicant, the judgment of the circuit court is reversed and the finding of the commission set aside.                *Judgment reversed.*