(No. 1509—)

TYRA HARRISON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 28, 1930.*

FRED H. SNYDER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant asks an award of $2,000.00 to compensate him for an alleged injury received March 22, 1929, while dragging the dirt shoulders of State Route No. 9 near Canton in Fulton County. His contention is that he is entitled to compensation from the State under the provisions of the Workmen's Compensation Act.

Claimant testified that on March 22, 1929, while he was riding a road drag being pulled by a truck driven by Mitchell Libby, he was thrown against the lever of the drag which caused him severe pain. He said Libby was driving at the rate of 10 miles per hour at the time and ran over a steel plate throwing him against the lever of the drag, and that he told Libby of his injury and asked him to drive more slowly; that he ate supper at Libby's that evening and threw it up and when he told Libby about it Libby only laughed and called him a tenderfoot. He also testified that the next day he told Walter Nixon that he got hurt the day before. On the day following his alleged injury he hauled dirt in the forenoon and dragged the road in the afternoon. His testimony is contradicted by both Libby and Nixon. Libby testified that he did not drive over 2 or 3 miles an hour while dragging the road and that claimant never told him he was injured and did not complain of being hurt in any way, and

that he did not know he threw up his supper. He also said he remembered driving over a steel plate but that the plate was smooth and it did not jerk the drag and throw claimant against the lever. Nixon testified that claimant never complained to him of any injury received while working for the State. Dr. Nelson testified that on March 23, 1929, claimant came to his office complaining of a pain in his left side and on examination he found a hernia and advised him to get a truss and wear it. The doctor stated that the hernia appeared to be of recent origin but he could not state positively that it was.

It hardly seems probable that claimant could have been injured in the manner he says he was and as seriously as he claims to have been and Mr. Libby not have known it. The burden of proof is on claimant to show by a preponderance of the evidence that his injury was caused at the time and in the manner he alleged. (*Green* v. *Industrial Com.*, 337 Ill. 514; *Berry* v. *Industrial Com.*, 335 Ill. 374.) This we do not think he has done.

The Workmen's Compensation Act applies to the State only when the State is engaged in some of the enterprises declared by section 3 of that Act to be extra-hazardous. An employer may be engaged in more than one enterprise,—some under the Workmen's Compensation Act because extra-hazardous and others not. (*Peterson* v. *Industrial Com.*, 315 Ill. 199.) And if an employee is injured while working in a business or enterprise not made extra-hazardous by that Act, the provisions of the Act will not apply.

At the time claimant is alleged to have received his injury he was engaged in dragging the dirt shoulders of a State road. If that was an extra-hazardous occupation, then the State is liable, otherwise it is not. A road may be a "structure" but work on all structures is not necessarily extra-hazardous. And unless the work is extra-hazardous, it does not come within the provisions of the Workmen's Compensation Act. In *Village of Chapin* v. *Industrial Com.*, 336 Ill. 461, and *McLaughlin* v. *Industrial Board*, 281 Ill. 100, the Supreme Court held that the building and maintenance of a dirt road is not a dangerous or extra-hazardous occupation and therefore not within the terms of the Workmen's Compensation Act. And in *Brennan* v. *Industrial Com.*, 289 Ill.

49, that court held that an employee who was injured while engaged in pulling a float over the soft concrete of a State aid road that was being paved with concrete and brick was not engaged in an extra-hazardous occupation within the meaning of the Workmen's Compensation Act, and set aside an award made him by the Industrial Commission.

Under the rules announced in these cases it is clear claimant is not entitled to compensation and his claim is therefore denied and the case dismissed.