## John W. Reed, Appellant, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellee.

1. WORKMEN'S COMPENSATION ACT, § 5*—*when parties are bound by Workmen's Compensation Act.* Where a plaintiff, who was injured while unloading gravel from a car of his employer stationed in the yards of defendant railroad, was together with his employer, as was also the defendant, bound by the Workmen's Compensation Act in force July 1, 1914 (Hurd's Rev. St. 1916, ch. 48, Callaghan's 1916 Stat. ¶ 5475[1] *et seq.*), the fact that defendant was also at the time of the injury engaged in interstate commerce gave plaintiff no right to maintain the action in question, where all parties had elected to be bound by the Compensation Act.

2. WORKMEN'S COMPENSATION ACT, § 4*—*when Workmen's Compensation Act applies.* Sections 1, 6 and 29 of the Workmen's Compensation Act, in force July 1, 1914 (Hurd's Rev. St. 1916, ch. 48, Callaghan's 1916 Stat. ¶ 5475 [1], [6], [29]), considered in a personal injury case where plaintiff, while working for his employer in unloading a car of gravel stationed on defendant railroad's track, was injured through the bumping of cars, where plaintiff, his employer and defendant had all elected to be bound by the act, but where defendant was engaged in interstate commerce at the time, the doctrine of *expressio unius est exclusio alterius* applied, and therefore as between plaintiff and defendant the rights and liabilities of each were determined by the provisions of the act, because such act set out and defined the rights and liabilities of all parties bound by its terms and enumerated the exceptions thereto.

3. WORKMEN'S COMPENSATION ACT, § 5*—*when action will not lie.* A railroad company could not be subject to both an action by an employee under section 29 of the Workmen's Compensation Act (Callaghan's 1916 Stat. ¶ 5475[29]) and to an action by the employer of the injured employee, as such a construction of the act would impose a double liability which would make the section unconstitutional.

Appeal from the City Court of Pana; the Hon. JOHN H. FORNOFF, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

L. G. GRIFFITH, G. L. SMITH and MCDAVID, MONROE & HERSHEY, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

George B. Gillespie, for appellee; F. L. Littleton, E. E. Dowell, John E. Hogan and George B. and George M. Gillespie, of counsel.

Mr. Justice Eldredge delivered the opinion of the court.

In this case the trial court overruled plaintiff's demurrer to defendant's additional pleas and sustained defendant's demurrer to plaintiff's special replication and the plaintiff, having abided by its demurrer to said additional pleas and by its special replication, a judgment of *nil dicit* was entered. There is no technical objection to the pleas or the replication and it is conceded by both parties that the sole question to be considered on this appeal is one of law, whether, under the facts pleaded, plaintiff has a cause of action.

The declaration consists of four counts, all of which, so far as the questions here involved are concerned, are substantially the same, the variation between them being only as to the form of negligence charged, in regard to which no question is raised. It is averred in the first count that plaintiff, on the 29th day of June, 1917, in the City of Pana, was employed in removing gravel from a certain railroad car for his employer, Sell & Kolar, of said city to whom the said gravel had been shipped, which car was then standing on a railroad switch track owned and possessed by the defendant and which connected with the main track which ran in an easterly and westerly direction and extended from the State of Indiana and into the State of Illinois and through the corporate limits of the City of Pana; that defendant was possessed of a certain locomotive with a certain train of cars attached thereto, which were under the care and management of the servants of defendant who were then and there driving the same upon and along the said railroad track and switch track and were then and there engaged in interstate commerce, to wit, the carriage of goods and

chattels from the State of Indiana into the State of Illinois as a common carrier for hire; that plaintiff, in the exercise of due care, was then and there so employed in the car first aforesaid, which fact the defendant then and there well knew, or by the exercise of reasonable care could have known, and it became and was the duty of defendant not to remove said car except in a prudent and careful manner so as not to injure the plaintiff, yet the defendant, not regarding its duty in that behalf, did then and there couple aforesaid engine and cars with the said car in which the plaintiff was working so carelessly and negligently and without due regard for the said plaintiff, that, through the negligence of the defendant, the car in which the plaintiff was working was made to and did crash into a certain other of the aforesaid cars and by reason whereof the plaintiff was thrown with great force upon the floor of the car first aforesaid and was thereby injured.

The first special plea filed by the defendant, and commonly referred to as defendant's second plea, avers, in substance, that plaintiff ought not to have or maintain his action because the firm of Sell & Kolar, by whom plaintiff was employed at the time of his injury, was a general contractor of the City of Pana doing local improvement work, excavating, putting in foundations of buildings, constructing brick and concrete buildings, and doing a general teaming and hauling business in said city; that plaintiff, at the time of his injury, was engaged in the usual course of the business of said firm as its' servant and was then and there engaged in unloading gravel from a certain railroad car on defendant's said line of railroad, and that said injury to the plaintiff was an accidental injury sustained by him, arising out of and in the course of his employment; that Sell & Kolar and plaintiff had each elected to be bound by the provisions of the Workmen's Compensation Act of this State; and that the

defendant railway company had also elected to be bound by the provisions of said act.

To this special plea the plaintiff filed a special replication to the effect that at the time the plaintiff was injured, the servants of the defendant company were engaged in interstate commerce, to wit, the carriage of goods from the State of Indiana into and through the State of Illinois. A demurrer to this replication was sustained by the trial court and plaintiff abided by its replication.

The defendant also filed two additional pleas which are substantially the same and in which it is averred, in addition to the facts set forth in the special plea mentioned, that the plaintiff, pursuant to the Workmen's Compensation Act, filed with the Industrial Board his petition for compensation for the injuries mentioned in the declaration, against his employers, Sell & Kolar, that an award of compensation was made in favor of him for the said injuries, which award remains in full force and effect. The award itself is set out *in hæc verba*. The plaintiff filed his demurrer to these additional pleas which was overruled and he abided thereby.

It is conceded by appellant that if the servants of appellee had been engaged in interstate commerce at the time of the alleged injury, the plaintiff, by reason of section 29 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(29)] would have no cause of action against the defendant, but it is contended that as the servants of the defendant were, at the time their negligent acts caused the injury, engaged in interstate commerce, the defendant was not then operating under the Workmen's Compensation Act but was bound by the Federal Employers' Liability Act, which superseded the State law.

As the injury occurred on June 29, 1917, the rights of the parties must be governed by the Workmen's Compensation Act as it existed on that date, which

would be by the Act in force July 1, 1914 (Hurd's Rev. St. 1916, ch. 48, Callaghan's 1916 Stat. ¶ 5475[1] *et seq.*). The sections of this act necessary to be considered are as follows:

"1.  Be it enacted by the People of the State of Illinois, represented in the General Assembly: That any employer in this State may elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this act, and thereby relieve himself from any liability for the recovery of damages, except as herein provided." * * *

"(b)  Every employer within the provisions of this act who has elected to provide and pay compensation according to the provisions of this act shall be bound thereby as to all his employees covered by this act until January 1st of the next succeeding year and for terms of each year thereafter."

"6.  No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

"29.  Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation

payable under this act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative: *Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or, in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for a recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability.''

Four fundamental facts are established by the pleadings, viz.: (1) the employer, Sell & Kolar, at the time of the injury, was bound by the terms of the Workmen's Compensation Act of this State; (2) the plaintiff, the employee of Sell & Kolar, who received the injury in the course of his employment, was bound by the terms of said act; (3) the defendant, a third person whose negligence approximately caused the injury, was also bound by the terms of said act; (4) the defendant, at the time of the injury, was engaged in interstate commerce. Under these facts do the terms of the Workmen's Compensation Act of this State apply and deprive plaintiff of a cause of action against defendant? The question is one of first impression in this State and our research has failed to disclose that it has ever arisen under any similar law elsewhere. It is the rule in this State that where the person injured and his employer were each governed by the Workmen's Compensation Act and the tort-feasor and its servants who caused the injury were also under the act, no right of action against the tort-feasor remains to the injured employee and his sole remedy is for compensation to be paid him by his employer. *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413. It is also the law of this State that the Workmen's Compensation Act has no application to injuries received by an employee while engaged in interstate commerce as between himself and his employer, but the employer's liability in such case is exclusively governed by the Federal Employers' Liability Act. *Staley v. Illinois Cent. R. Co.*, 268 Ill. 356. The defendant was engaged in two lines of business, interstate and intrastate commerce, and it is apparent that as between the defendant and its own employees, it would be governed by the Workmen's Compensation Act and by the Federal Employers' Liability Act, respectively, according to whether the injury was received by the employee in the performance of duties connected with

interstate or intrastate commerce, but it does not necessarily follow that this principle would extend to an employee of another employer each of whom was bound only by the provisions of the Workmen's Compensation Act. The Federal Employers' Liability Act has no application whatever to persons not engaged in interstate commerce at the time the injury was received, and plaintiff could not avail himself of any of the provisions of said act as it had no application to him whatever but only applied to employers and employees engaged in interstate commerce. The provisions of section 1 and 6 of the Workmen's Compensation Act are absolute and deprive an employee of any right of action or compensation except as provided in said act. Section 29 relates exclusively to cases where the injury to the employee is caused under circumstances creating a legal liability for damages in some person other than the employer. Under section 29 the liability of such third party and the method of enforcing the same are fixed and determined where such person is bound by the terms of the act and no exception is made where the circumstances show that the injury was caused by such third person while the latter was engaged in interstate commerce. We are of the opinion that this act, having set out and defined the rights and liabilities of all parties bound by its terms and having enumerated the exceptions thereto, the doctrine of *expressio unius est exclusio alterius* applies, and that as between the plaintiff and the defendant the rights and liabilities of each must be determined by the provisions thereof.

There is another reason which, to our minds, is conclusive why appellant's contention cannot be sustained. This suit is not brought under that provision of section 29 which provides that an employee of an employer, each of whom is bound by the provisions of the Workmen's Compensation Act, when he receives an injury arising out of and in the course of his em-

ployment that was not approximately caused by the negligence of the employer, but was caused under circumstances creating a legal liability for damages on the part of some person other than the employer, such other person not being bound by the act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of compensation under the act, in which case, out of the judgment obtained the employer shall be reimbursed for the compensation paid to the injured employee, but is prosecuted on the theory that appellant has a cause of action against appellee independent of the Workmen's Compensation Act. Under section 29, appellant's employer, Sell & Kolar, has a cause of action against appellee for the amount paid to appellant by virtue of the Workmen's Compensation Act. If appellant also has an independent cause of action against appellee, then the latter will be subject to a double penalty for the same injuries, a liability to the employer for the amount of compensation paid by it to its employee and also a liability to the employee himself. Such a construction of section 29 imposing a double liability upon appellee for the same injury would make it unconstitutional and such could not have been the intention of the legislature.

The judgment of the city court of the City of Pana is affirmed.

*Affirmed.*