## Rosamond McNaught, Administratrix, Appellee, v. Walker D. Hines, Director General of Railroads, Appellant.

1. RAILROADS, § 750*—*what are questions for jury in action for injuries.* Whether the train in question was operated at night at over 50 miles an hour, without warning, with only an oil lamp as a headlight, as the evidence for plaintiff tended to prove, and, if so, whether such operation was negligence which proximately caused the injury complained of under the conditions and obstructions existing in the vicinity of the village crossing in question, and whether decedent was in the exercise of due care before and at the time of the injury, were questions of fact for the jury to determine.

2. APPEAL AND ERROR, § 1633*—*when improper remarks of counsel are cured.* A characterization by attorney for plaintiff in his argument to the jury, of cars and buildings stationed at or near the railroad crossing where plaintiff's intestate was killed, as a "death trap," because they obstructed the view of one approaching the crossing, was not sufficient to cause a reversal, where on objection the court held the remark to be improper and then and there instructed the jury not to consider it.

3. DEATH, § 67*—*when verdict is not excessive.* A verdict for $9,000 in an action against a railroad was not excessive, where decedent was a vigorous, energetic man 55 years old, earning $185 per month.

4. WORKMEN'S COMPENSATION ACT, § 4*—*when Workmen's Compensation Act applies.* A demurrer to a special plea, in an action against a railroad for the death of a traveling salesman, setting up that both decedent and his employer had elected not to be bound by the Workmen's Compensation Act, but that decedent was under the operation of the act, because engaged in an extrahazardous business, was properly overruled, where, even if it were conceded that plaintiff's employer came under the act, the decedent could not have been said to have been employed in a branch of his employer's service to which the act would apply, as he had nothing to do with the alleged extrahazardous business of the employer.

5. WORKMEN'S COMPENSATION ACT, § 4*—*when extrahazardous occupation is within Workmen's Compensation Act.* In order to place an employee under the extrahazardous provision of the Workmen's Compensation Act, it is not sufficient to show that the employer was engaged in an extrahazardous business, but it must be further shown

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the employee, at the time of the injury, was engaged in such occupation, and that such injury arose out of and in course of his employment in such extrahazardous occupation, as some department of the business may be extrahazardous and another not.

Appeal from the Circuit Court of McLean county; the Hon. Sain · Welty, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

George B. Gillespie, for appellant; L. J. Hackney, F. L. Littleton, A. E. and R. C. DeMange, and George B. and George M. Gillespie, of counsel.

Sigmund Livingston and W. W. Whitmore, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

By this appeal it is sought to reverse a judgment for $9,000 entered upon a verdict rendered in an action on the case brought in the circuit court of McLean county by Rosamond McNaught, administratrix of the estate of Elza McNaught, deceased, against Walker D. Hines, director general of railroads of the United States, operating the Cleveland, Cincinnati, Chicago & St. Louis Railway.

The declaration consists of four counts: The first count charges general negligence in the operation of a locomotive engine and train of cars. The second is based upon the claim that the engine and cars were operated at a high and dangerous rate of speed. The third is similar to the second except that it also avers that appellant had placed obstructions consisting of coal cars, box cars and buildings in such close proximity to the crossing that appellee's intestate was prevented from seeing the approach of the locomotive engine. The fourth charges general negligence and also that said locomotive and train were run at a high and dangerous rate of speed and a failure to give the statutory signals of the approach of the train.

Appellant filed a plea of the general issue and also a special plea. In the special plea it is averred that the Wink Packing Company, the employer of deceased at the time of his death, was a corporation organized under the laws of this State and engaged in an extra-hazardous business in which statutory and municipal ordinances and regulations were imposed for regulating, guarding and placing of machinery or appliances for the protection and safeguarding of its employees; that deceased, Elza McNaught, was killed while engaged in the duties of his employment, and that both employer and employee were, and neither had elected not to be, bound by the provisions of the Workmen's Compensation Act then in force. A demurrer was filed to this special plea and sustained and the trial was had under the plea of general issue.

On January 24, 1918, the deceased was a traveling salesman for the Wink Packing Company of Peoria, Illinois, and at the time of his death was about 55 years of age. On the afternoon of the day mentioned he arrived at the unincorporated village or station of Lilly on an interurban car a few minutes before 6 o'clock. The Wink Packing Company sold meats and their by-products and the object of deceased in going to Lilly was to procure an order for his firm from the firm of Rutledge & Garrett, a customer of his. About forty people lived in Lilly and the buildings there located consist of two stores, a blacksmith shop, an elevator, appellant's depot, the interurban depot, a few sheds and about twelve houses. Appellant's railway passes through it running east and west and the interurban electric railway parallels it on the north about 75 feet distant therefrom. A block south of appellant's tracks an unnamed street runs east and west parallel therewith and ends in Hay street. On the north and south sides of this unnamed street or passageway above mentioned and west of Hay street are located the stores above mentioned. The store of

Rutledge & Garrett is located at the southwest corner of the intersection of the unnamed street and Hay street. Running north from this street for a short distance is a cement walk beyond which is a path which runs diagonally in a northeasterly direction crossing appellant's tracks in the center of Hay street and continuing northeasterly across Hay street to the interurban station, which is north of the interurban tracks and on the east side of Hay street. Hay street itself is not a regularly traveled highway, and has no definite width. Where it crosses appellant's tracks it is planked to a width of 19 feet. East of Hay street and south of appellant's tracks extending from west to east are a coal shed, stock pens, corncrib, scale office, engine house, elevator and another corncrib. In addition to these buildings, at the time of the injury, three coal cars stood on the sidetrack just north of the coal shed and projected about 13 feet into the public crossing.

The evidence introduced on behalf of appellee tended to show that after appellant procured his order from Rutledge & Garrett he started north on Hay street towards the interurban station for the purpose of taking an interurban car then shortly to be due; that the view of the approaching train from the east on appellant's tracks to a person going north on Hay street towards the crossing would be more or less obstructed by the coal cars extending into the street and the building above mentioned located on appellant's right of way south of its tracks; that as the deceased approached the crossing, appellant's train approached the same from the east at a speed of between 50 and 60 miles per hour; that the statutory signals of sounding the whistle and ringing the bell were not given; that it was dark and the headlight on the approaching engine was an oil lamp. There was some conflict in the evidence as to the giving of the signals and as to the speed of the train. There were no eyewitnesses

to the accident. Appellee offered to prove on the trial that deceased was a careful and prudent man, but such proof was rejected by the court. Whether the train was operated in the manner which the evidence for appellee tended to prove, and, if so, whether such operation of the train was negligence which approximately caused the injury complained of under the conditions existing in the vicinity of the crossing, and whether the deceased was in the exercise of due care before and at the time of the injury were questions of fact for the jury to determine.

Some criticism has been made to remarks of counsel for appellee in his argument to the jury, only one statement of which is of sufficient importance to mention here. Counsel characterized the cars and buildings standing at or near the crossing, because they obstructed the view of one approaching the crossing from the south, as a "death trap." On objection the court held the remark to be improper and then and there instructed the jury not to consider it. In view of the ruling of the court, the error in the making of this remark was not of such gravity as to cause a reversal of the judgment. The deceased was 55 years of age at the time of his death, was a vigorous, energetic man, was earning $185 per month and the amount of the verdict was not excessive. It is alleged that the giving of instructions Nos. 1 and 6 on behalf of appellee was error. These instructions have not been approved in other cases. It is likewise urged that the trial court erred in not giving twelve instructions offered on behalf of appellant. The court gave, on behalf of appellant, twenty-one instructions, which we regard as an ample number in which to present any conceivable rule of law favorable to appellant's defense.

It is very strenuously insisted by counsel for appellant that the trial court erred in sustaining the demurrer to the special plea. We cannot agree with this

contention. If it be conceded that the plea states sufficient facts to place the Wink Packing Company under the operation of the Workmen's Compensation Act, yet the deceased could not have been said to have been employed in a branch of that company's service to which said act would apply. He was a traveling salesman only and had nothing to do with the preparation of the meats or the manufacture of the by-products. His duties did not call him to the packing house except occasionally and then only to the office located therein. He was engaged only in the selling branch of his employer's business which was not extrahazardous. In the case of *Mattoon Clear Water Co. v. Industrial Commission*, 291 Ill. 487, the court said: "The fact that the defendant in error was maintaining a structure and that it had machinery at its plant is not controlling here. Plaintiff in error was not at the time of his injury engaged in any part of the business of defendant in error that had to do with the maintenance or operation of the plant or pipe lines. Defendant in error had not elected to come under the act, and the injury sustained by plaintiff in error is not one arising out of or in the course of any employment declared by the act to be extrahazardous. Because some other employees of defendant in error may have been engaged in some other part of the work that was extrahazardous would not change the character of the employment of plaintiff in error or bring him within the provisions of the act. This question was discussed at length and this conclusion reached in *Vaughan's Seed Store v. Simonini*, 275 Ill. 477 [14 N. C. C. A. 1075]; *Seggebruch v. Industrial Commission*, 288 Ill. 163, and *Brennan v. Industrial Commission*, 289 Ill. 49." It is not sufficient to show that the employer was engaged in an extrahazardous business, but it must be further shown that the employee, at the time of his injury, was engaged in an extrahazardous occupation and that such injury arose out of

and in the course of employment in such extrahazardous occupation. *Bowman Dairy Co. v. Industrial Commission,* 292 Ill. 284. In the case last mentioned the court also held: "It is well settled in this State that while some part or department of the business of an employer may be extrahazardous under the statute, still, if the employee's duties were not connected with or incident to the extrahazardous part of the business of the employer, he is not within the provisions of the Compensation Act." The Compensation Act refers to the business and not to the person of the employer and does not extend to separate lines of business having no connection with extrahazardous occupations. *Sanitary District v. Industrial Board,* 282 Ill. 182. A traveling salesman of meats, having no connection with the manufacture or preparation of the products which he sells, is not engaged in an extrahazardous occupation and therefore is not bound by the terms of the Compensation Act and section 29 of said Act [Callaghan's 1916 Stat. ¶ 5475(29)] has no application in such a case.

We find no reversible error in the record and the judgment of the circuit court is affirmed.

*Affirmed.*