Rosamond McNaught, Administratrix of the Estate of Elza McNaught, Deceased, Appellee, v. James C. Davis, Agent, Appellant.

1. DEATH BY WRONGFUL ACT—*Federal Employers' Liability Act as excluding interstate carrier from provisions of Workmen's Compensation Act.* In an action by the administratrix against the federal agent operating an interstate railroad for damages for the death of her intestate from the wrongful act of defendant, decedent having been killed by an interstate train while in the employ of a master who, with decedent, had not elected not to be bound by the Compensation Act, the defendant is not entitled, by reason of the Federal Employers' Liability Act, to plead the provisions of the Workmen's Compensation Act as a defense.

2. APPEAL AND ERROR—*law of the case.* The ruling of the Appellate Court on a first appeal of a case for death of plaintiff's intestate by the wrongful act of defendant, that the verdict of the jury in favor of plaintiff on the question of negligence of the defendant

and want of due care by decedent at the time of the injury is con-clusive, will be followed on a second appeal after a retrial of the action where the testimony and the record on the second trial are substantially identical with that before the court on the former appeal.

3. APPEAL AND ERROR—*matters not in record not reviewable on appeal.* Alleged misconduct of counsel in his argument to the jury will not be considered on appeal where the alleged improper state-ments are not incorporated in the record but appear merely in a motion for new trial.

4. HARMLESS AND PREJUDICIAL ERROR—*refusal to give instruction covered by other instructions not prejudicial.* Refusal of the court to give a very lengthy instruction upon the particulars of due care which decedent was required to use in his own behalf is not prej-udicial where other instructions offered by the same party were given which fully covered every phase of the case and included all matters contained in the refused instruction.

Appeal by defendant from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 23, 1923.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, A. E. & R. C. DE MANGE, GEORGE M. GILLESPIE and THOMAS E. GILLESPIE, of counsel.

LIVINGSTON & WHITMORE, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This case was before this court at a former term, *McNaught v. Hines,* 220 Ill. App. 15, presenting the record of a former trial, in which all of the facts, testi-mony, evidence and circumstances of the injury to the deceased, and as to the care and caution of deceased for his own safety, were presented to this court sub-stantially the same as such facts, evidence, testimony and circumstances are presented in the record now be-fore the court. A reference is made to the report of said case for a statement of the case, and it was held by this court, in the determination of the question of negligence on the part of appellant and due care and

caution on the part of the deceased for his own safety, that: "Whether the train was operated in the manner which the evidence for appellee tended to prove, and, if so, whether such operation of the train was negligence which approximately caused the injury complained of under the conditions existing in the vicinity of the crossing, and whether the deceased was in the exercise of due care before and at the time of the injury were questions of fact for the jury to determine," and the judgment of the lower court was affirmed.

In the record as formerly presented in said cause at the former term, appellant, defendant below, had filed in the lower court a special plea in which it was averred that the Wink Packing Company, the employer of deceased at the time of his death, was a corporation organized under the laws of this State and engaged in an extrahazardous business in which statutory and municipal ordinances and regulations were imposed for regulating, guarding and placing of machinery or appliances for the protection and safeguarding of its employees; that deceased, Elza McNaught, was killed while engaged in the duties of his employment, and that both employer and employee were, and neither had elected not to be, bound by the provisions of the Workmen's Compensation Act then in force, and demurrer was filed to this special plea and sustained and the trial was had under the plea of general issue.

In the record as formerly presented to this court it appeared that the declaration of appellee in the lower court charged the appellant, in various counts, with negligence causing the death of Elza McNaught, but said declaration did not set out the employment of the deceased nor the fact that the deceased and his employer at the time of his death were under the jurisdiction of the State Compensation Act.

On the first trial, plaintiff below, appellee here, re-

covered a judgment which was affirmed in this court, reported as stated, *supra,* this court holding that the lower court was not in error in sustaining appellee's demurrer to the special plea of appellant in the court below.

A writ of error was taken by appellant from the judgment of this court, in the former hearing, to the Supreme Court of the State and upon a hearing in the Supreme Court on the record as hereinbefore set out, the judgment of this court was reversed and the cause remanded to the circuit court with directions to overrule the demurrer and to proceed in harmony with the views expressed in the opinion of the Supreme Court. (See opinion, 300 Ill. 167.) A careful reading of that opinion indicates that the only ground upon which the reversal was had was the error of the circuit court in sustaining the demurrer to appellant's special plea in the court below, which had been affirmed by this court.

The injury occurred on January 24, 1918, in the county of Tazewell and suit was first brought and declaration filed January 21, 1919, in the McLean county circuit court. Upon redocketing said cause in the circuit court of McLean county, demurrer to said additional plea was overruled in accordance with the directions of the Supreme Court. Plaintiff then filed replication to defendant's additional plea, which replication averred that on, to wit, January 24, 1918, the defendant, by and through his agents and servants, inflicted the injury complained of upon said Elza McNaught and caused his death, as in the plaintiff's declaration alleged; that the defendant was by and through his said agents and servants engaged in the operation of an interstate train upon the Cleveland, Cincinnati, Chicago & St. Louis Railway, to wit, an interstate and United States mail and passenger train, traveling from Indianapolis, Indiana, into the State of Illinois, to the City of Peoria, and was carrying United States mail and passengers from various points in the State of Indiana to the City of Peoria and

other points in the State of Illinois, which railroad train was the identical train operated by the defendant through its said agents and servants which caused the injury resulting in the death of plaintiff's intestate; that the defendant and his agents and servants in charge of said train were not under the provisions of the Workmen's Compensation Law of the State of Illinois, and that the provisions of said law did not apply to the defendant, his servants and agents. This replication was filed February 6, 1922.

The defendant filed a general and special demurrer to plaintiff's replication to the additional plea of June 3, 1919, assigning the following grounds of special demurrer: First, the replication and the admissions and confessions therein contained together with the specific averments thereof allege a new and different cause of action from the cause of action alleged in the declaration and constitutes a departure in pleading. Second, the replication under the law of the case as defined and prescribed by the Supreme Court in *McNaught v. Hines,* 300 Ill. 167, is not sufficient in law as an answer to defendant's additional plea, filed June 3, 1919, and does not constitute a bar to the defense established by the facts averred in such plea and admitted by the replication. Third, plaintiff's pleadings show now upon their face that plaintiff is depending upon the Compensation Act for a cause of action and fails to allege that the alleged injury was not proximately caused by the negligence of the employer and his employees.

The court below overruled said demurrer, to which ruling defendant excepted and elected to stand by said demurrer.

On May 16, 1922, plaintiff filed first and second additional replications to defendant's additional plea, filed June 3, 1919. Defendant demurred to the same and the court sustained the said demurrer.

On the same date there was filed by the defendant a

second additional plea, averring that the Wing Packing Company, the employer of deceased at the time of his death, was a corporation, organized under the laws of the State of Illinois, engaged in an extrahazardous business, in which statutory and municipal ordinances and regulations were imposed for regulating, guarding and placing of machinery or appliances and for the protection and safeguarding of its employees; that Elza McNaught, the decedent, was killed while engaged in the duties of his employment and that neither employer nor employee had elected not to be bound by the provisions of the Workmen's Compensation Act then in force; and that the said Wing Packing Company and said Elza McNaught were covered by the provisions of the said Workmen's Compensation Act then in force.

A general demurrer was filed to said plea and the following special grounds of demurrer were set forth:

"(1)  Section 6 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 206], in force at the time of the injury by plaintiff complained of does not apply where the action is brought against and based upon an injury caused by a third person who is not subject to the provisions of the Act.

"(2)  Said special plea is frivolous because it seeks to raise an immaterial issue, which is no defense to an action brought against a third person for a wrongful injury where said third person is not alleged to be subject to the provisions of the Workmen's Compensation Act, nor the employer of the injured person.

"(3)  A third person when sued for an injury to the employee of another cannot invoke as a defense the provisions of the Workmen's Compensation Law, unless he himself is subject to its provisions, all of which said special plea fails to state."

The court overruled the said demurrer and the plaintiff then filed replication to said second additional plea, which replication averred that: "The injury resulting in the death of Elza McNaught was caused, to wit: January 24, 1918, by and through the defendant,

his agents and servants, carelessly and negligently inflicting the injury complained of upon said Elza McNaught and causing his death as in her declaration set forth; and that the said defendant who was then and there not the master of said Elza McNaught, but was a third party, was at the time of the injury complained of, * * * engaged in interstate traffic and was operating an interstate train upon the Cleveland, Cincinnati, Chicago & St. Louis Railway, to wit: a passenger train and interstate United States Mail train, running from Indianapolis, Indiana, into the State of Illinois, to the City of Peoria, Illinois, and other points in the State of Illinois. * * * That the defendant and his said agents and servants in charge of said train were not then and there subject to nor under the provisions of the Workmen's Compensation Act of the State of Illinois, and that the provisions of the Workmen's Compensation Act did not apply to the defendant nor to his agents and servants.''

Defendant filed a rejoinder to the replication, averring that: "The supposed cause of action alleged in the said replication did not accrue to plaintiff at any time within two years next before May 22, 1922, to date of the filing of the said replication.'' Demurrer was filed thereto, the same was sustained by the court, and the defendant excepted and moved to carry the demurrer back to the replication to the second additional plea. The court denied said motion, to which ruling the defendant excepted and elected to stand by said motion.

There was a stipulation setting forth facts which established that McNaught and his employer, the Wing Packing Company, were subject to the Workmen's Compensation Act and that neither had elected not to be bound by the act.

The cause was tried in the lower court on the issue formed on the plea of not guilty and there was a verdict and judgment for appellee in the sum of $5,000,

and appellant, upon assignments of error, brings the cause to this court upon appeal.

Appellant first contends that the lower court erred in overruling the demurrer of appellant to the replication to defendant's additional plea, filed June 3, 1919. The plea averred that the employee, McNaught, his employer, the Wing Packing Company, and the defendant were all subject to the Workmen's Compensation Act of 1917 and that neither had elected not to be bound by the act. The plaintiff's replication thereto averred the defendant's train which killed McNaught was engaged in interstate commerce, as set out heretofore, and appellant contends that this court in the case of *Reed v. Cleveland, C., C. & St. L. Ry. Co.,* 220 Ill. App. 6, was correct in its holdings and that the Supreme Court of this State in the case of *Goldsmith v. Payne,* 300 Ill. 119, was in error in that the *Payne* case intimated that under section 29 of the Compensation Act [Cahill's Ill. St. ch. 48, ¶ 229] the employer might have a cause of action against a third party under the Compensation Act, and that an action also would lie by one injured or his next of kin in case of death against the same defendant, thereby seeming to hold that two causes of action, one by the employer and one by the injured employee, were authorized against the same defendant, a third party, which would render the Compensation Act unconstitutional.

Appellant in its brief does not seriously urge this point, but submits that the apparent ambiguities in some of the holdings of the Supreme Court have been finally submitted to that court on a petition for a rehearing in the case of *O'Brien v. Chicago City Ry. Co.,* which petition for a rehearing since the writing of appellant's brief has been heard by the Supreme Court and denied, and the opinion of the court, published in 305 Ill. 244, to which reference is had, overrules appellant's contention in this cause. Appellant contends, however, that the *O'Brien* case involved only an action

between employer, employee and the City of Chicago, and by appellant's first point herein the question is raised against the soundness of the rule laid down in the *Goldsmith* case, that the Federal Employers' Liability Act, which is "An Act relating to the liability of common carriers by railroad to their employees in certain cases" cannot be resorted to, to determine the status of the business in which the third person is engaged, unless an employee engaged in interstate commerce has been killed or injured. In *Goldsmith v. Payne, supra,* the same question was before the court and the court held: "While the Federal Employers' Liability Act has no application to the appellant or his injury, it does have the effect of excluding the appellee from the provisions of the Workmen's Compensation Act, as to the business in which he was engaged when the appellant was injured. Therefore, when engaged in interstate commerce the appellee and his employees, so engaged, are not bound by the act, and he is not entitled to the benefit of the provisions of section 29 in favor of employers who are bound by the act," and the court held that the pleas of the director general did not state any defense to the action.

In *O'Brien v. Chicago City Ry. Co., supra,* in which the court exhaustively presents and construes its former decisions, the court held, page 251, that the provisions of section 29 apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee. (*Goldsmith v. Payne,* 300 Ill. 119.) On page 255 the court goes into the question of the decision in *Goldsmith v. Payne* and reaffirms it and states that in reversing the judgment of the lower court holding that the pleas of the director general did not state a defense, the court followed the case of *Gones v. Fisher,* 286 Ill. 606. So that by these various decisions the court has held that the Federal Liability Act has the effect of determining that appellant is excluded from the provisions of the Workmen's Com-

pensation Act as to the business in which it is engaged.

Appellant next contends that the defendant's demurrers to replications to additional pleas, filed June 3, 1919, and May 16, 1922, should be sustained, but in pressing such point appellant submits that if the Supreme Court does not grant a rehearing in the *O'Brien* case, the point should be abandoned.

Appellant contends that in the court below appellee failed to prove negligence on the part of appellant and that there was no showing that the deceased was in the exercise of due care for his own safety at the time of the injury, all of which questions upon substantially the same record and same state of facts were before this court on the former hearing and passed upon in this court and a complete restatement of the case and a consideration of the testimony submitted on a record substantially identical with the record that has been before this court before and passed upon would be useless and incumber this opinion without warrant. It is the opinion of this court that the former holding that all of these matters had been submitted to a jury (now for the second time) and that all such questions are now settled by the verdict of the jury, should be a sufficient answer in this case.

Appellant urges as a ground for reversal, a ground urged in the motion for a new trial, that improper remarks and statements of counsel were made to the jury in the closing argument to the effect that the contest (meaning this case) was between a woman and child on one side and the Government of the United States on the other, and the brief states that the same was objected to by counsel for defendant and the trial court erroneously refused to instruct the jury, at the time the said remark was made, that it was improper and should be disregarded by them. We find no such statements or objections made in the bill of exceptions and in fact such statements and objections were not incorporated in the record but merely appear in the motion for a new trial. This court cannot give con-

sideration to statements of counsel or objections that are not incorporated into and made a part of the record. It would appear that the court instructed the jury to the effect that they should disregard statements in argument not supported by the sworn testimony.

Appellant complains that the court refused certain instructions submitted on behalf of appellant. The court gave seventeen instructions in behalf of appellant and three additional modified instructions. Appellant complains specifically of the court's refusal to give appellant's instruction number six. This instruction, covering one and one-half printed pages upon the particulars of due care which the deceased was required to use in his own behalf, was refused by the court. We find that the court gave four instructions in behalf of appellant directed to the subject of due care to be exercised on the part of the deceased covering every phase of the case and substantially every phase of instruction number six which was refused, and we can see no merit in appellant's contention as to instruction, number six being refused. Likewise, appellant's instructions numbers three and seven were fully covered by the other instructions and were properly refused.

Appellant complains that instructions numbers six and seven given in behalf of appellee are misleading and unduly emphasize speed as being negligence and omit to state in connection with the subject of speed other elements which would have been considered by the jury in connection therewith. We have carefully examined these instructions and do not consider that they are subject to the criticisms urged by appellant.

Finding no error in the record, such as should cause a reversal of this case, it is the duty of the court to affirm the judgment of the lower court, and it is therefore hereby affirmed.

*Affirmed.*